**Robert Lee BROWN, Petitioner-Appellee,**

v.

**Frank BLACKBURN, Warden, Respondent-Appellant.**

**No. 79-2794.**

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1980.

---

Brian G. Meissner, Asst. Dist. Atty., New Orleans, La., for respondent-appellant.

Pres Kabacoff (Court-appointed), New Orleans, La., for petitioner-appellee.

Before BROWN, HENDERSON and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from the grant of a writ of habeas corpus to the appellee, Robert

may have occurred when she was denied promotion.

**36**

Lee Brown.[1] We agree with the district court that the writ must issue. Because he did not receive effective assistance from his court-appointed counsel, and because an impermissibly suggestive out-of-court photographic identification procedure created a substantial likelihood of in-court misidentification, there is a significant possibility that Brown is innocent of the crime for which he was incarcerated.

Brown was convicted of the aggravated burglary of the home of James Cryer, Jr. The Supreme Court of Louisiana subsequently referred Brown's application for remedial writs back to the state trial judge. *State v. Brown*, 346 So.2d 712 (La. 1977). The court held an evidentiary hearing, and, without elaboration, denied all relief. This judgment was treated as a denial of habeas corpus relief, and affirmed in a brief per curiam opinion. *State v. Brown*, 357 So.2d 1143 (La. 1978).

■ Brown then applied to the United States District Court for the Eastern District of Louisiana for a writ of habeas corpus. 28 U.S.C.A. § 2254. The case was referred to a magistrate, who reviewed the transcript of the evidentiary hearing in the state court.[2] In a thorough report he recommended that the court grant relief. The district court adopted the magistrate's report and ordered that the writ be issued.

■ The district court found the manner in which the police displayed photographs of Brown to one of the two eyewitnesses rendered his subsequent in-court identifica-

tion unreliable. The court also held that Brown's counsel was ineffective, in view of his failure to contact the witnesses furnished to him by Brown. If either conclusion is correct the grant of the writ was necessary. It is our duty to affirm unless the findings of the district court are clearly erroneous. *Caraway v. Beto*, 421 F.2d 636, 637 (5th Cir. 1970). They are not, so we affirm.

■ The district court determined that counsel's total failure to question the witnesses named by Brown made it impossible for him to provide effective assistance.[3] The respondent would have us reverse for lack of prejudice, "because the offense occurred on a Thursday and not a Friday when [the alibi witnesses] were with" Brown. The district court rejected this argument because the witnesses were prepared to testify that they were with the defendant on the date of the crime. While this proposed alibi may have been weak, it should be noted that Brown's codefendant was acquitted after claiming he had been home in bed, a defense corroborated only by his father. We are reluctant to instruct the district courts "to indulge in nice calculations as to the amount of prejudice arising from" ineffective assistance, *Glasser v. United States*, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680, 702 (1942), and in any case we cannot say the district court's finding is clearly erroneous in this factual setting. *See generally Davis v. Alabamba*, 596 F.2d 1214, 1221–23 (5th Cir. 1979), *vacated*,

1. The respondent does not allege that Brown failed to exhaust state remedies, or that the federal courts may not grant relief on the grounds asserted in the petition. He merely disputes the merits of the petitioner's claims.

2. At oral argument the parties agreed that no purpose would be served by remanding for a hearing before the district court. The respondent does not maintain that a *de novo* federal evidentiary hearing is essential. *Cf. Flores v. Estelle*, 578 F.2d 80, 83 (5th Cir. 1978) (no hearing required if writ denied). Since the district court relied on the transcript of the state court hearing, and did not hear witnesses, we feel free to review its findings more critically.

3. The court cited *Davis v. Alabama*, 596 F.2d 1214 (5th Cir. 1979), for the proposition that a defendant's attorney must conduct an independent investigation. Although the parties have not called it to our attention, the Supreme Court has since vacated that judgment as moot. *Alabama v. Davis*, —— U.S. ——, 100 S.Ct. 1827, 64 L.Ed.2d 256 (1980). *Davis* was not the first time this court recognized such a duty. *See Clark v. Blackburn*, 619 F.2d 431, 432 (5th Cir. 1980). *See also* cases cited in 596 F.2d at 1217. The seed whence our rule grew may be said to be *Caraway v. Beto*, 421 F.2d 636 (5th Cir. 1970). The respondent does not question the existence of the requirement to investigate.

—— U.S. ——, 100 S.Ct. 1827, 64 L.Ed.2d 256 (1980).[4]

At the trial Charles Williams, the victim's fifteen year old neighbor, identified Brown, but not his codefendant, as a perpetrator of the burglary. Although Williams testified that his identification was based on his own memory independent of the photographic identification,[5] the district court found that "the photographic identification procedure used by the police was suggestive and created a substantial likelihood of misidentification" at trial, citing *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and *Landry v. Alabama*, 579 F.2d 353 (5th Cir. 1978).

Without mentioning the clearly erroneous standard of review, the respondent insists that the district court reached its conclusion because it incorrectly believed Williams knew in advance of his selection that Cryer had chosen the photograph of the petitioner. This argument fails with its premise. The magistrate recognized that "Williams did state that he was in the same room when Cryer picked out one of the photographs, even though he did not know which photograph Cryer had selected."

The appellant proceeds to a review of the record in light of the factors set forth by the Supreme Court in *Neil v. Biggers*, 409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411. The district court complied with this mandate and found that pretrial identification was unduly suggestive.

■ We agree that the pretrial array of photographs resulted in a substantial likelihood of misidentification at trial. In *Neil v. Biggers* the Court suggested that "a strict rule barring evidence of unnecessarily suggestive confrontations" might be appropriate to "deter the police from using a less reliable procedure where a more reliable one may be available." 409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411. We do not adopt such a rule, but we observe that in the present case it would have been better to keep Williams and Cryer apart while they viewed the photographs. *Simmons v. United States*, 390 U.S. 377, 385, 88 S.Ct. 967, 972, 19 L.Ed.2d 1247, 1254 (1968). If the police had followed this procedure Williams would not have known that Cryer had already picked one of the five pictures. *Id.*, 390 U.S. at 383, 88 S.Ct. at 971, 19 L.Ed.2d at 1253. Brown was already in custody when the police showed the boys the photographs, so it was not necessary to bypass salutary procedural safeguards in order to protect the public. *Id.*, 390 U.S. at 385, 386, 88 S.Ct. at 971–972, 19 L.Ed.2d at 1253–54.

■ Finally, the respondent urges that any error was harmless because Cryer also identified Brown. In the district court the respondent relied upon the briefs submitted to the Supreme Court of Louisiana. The state did not present this argument in those briefs, so the district court gave it only cursory treatment. Although we need not reach a question not raised below, *but see* Fed.R.Civ.P. 61 (harmless error), we agree with the district court that the errors in the conduct of the pretrial identification were not harmless, since "the evidence complained of might have contributed to the conviction." *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 710 (1967), quoting *Fahy v. Connecticut*, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171, 173 (1963). Except for the testimony of Williams, the evidence against the two defendants was very similar, yet only Brown was convicted. Either Williams' identification or the co-defendant's alibi defense, and very probably both, were of determinative significance in the jury's deliberation. Since a conviction dependent on either would be constitutionally infirm, we AFFIRM the judgment of the district court.

---

4. The respondent also says reversal is mandated by *Cowens v. Wainwright*, 373 F.2d 34 (5th Cir. 1967). *Cowens* turned on the sufficiency of the petitioner's allegations, and is therefore inapposite.

5. The record contains what purports to be the affidavit of Charles Williams, in which the affiant states that he lied at the trial, and that he never saw anyone. The district court "ignored" the affidavit.