OPINION OF THE COURT
Per Curiam.
In our earlier opinion in this case, we held that the police *433 "officer’s nonconsensual entry into [defendant’s] automobile to determine the vehicle identification number violates the Federal and State Constitutions where it is based solely on a stop for a traffic infraction (US Const, 4th Amdt; NY Const, art I, § 12)” (63 NY2d 491, 493). The Supreme Court reversed on the Federal Constitution, holding that "the police officer’s action does not violate the Fourth Amendment” (475 US —, —, 106 S Ct 960, 963), and the case is now before us again.
In support of its own jurisdiction to hear the case, the Supreme Court stated that our decision did not rest on "an independent and adequate state ground” because it lacked the requisite "plain statement” (475 US, at p —, 106 S Ct, at p 964; see, Michigan v Long, 463 US 1032, 1041-1042). At this juncture, in our consideration of the case under State law, we cannot disregard the fact that we held that article I, § 12 of our State Constitution was violated by the search. Although on remand we have in the past, as a matter of State law, followed Supreme Court decisions in several cases (see, e.g., People v Quarles, 63 NY2d 923, on remand from New York v Quarles, 467 US 649; People v Ferber, 57 NY2d 256, on remand from New York v Ferber, 458 US 747; cf. People v Belton, 55 NY2d 49, on remand from New York v Belton, 453 US 454), in none of those cases had we initially and expressly relied on the State Constitution (see, People v Quarles, 58 NY2d 664; People v Ferber, 52 NY2d 674; People v Belton, 50 NY2d 447).
Where, as here, we have already held that the State Constitution has been violated, we should not reach a different result following reversal on Federal constitutional grounds unless respondent demonstrates that there are extraordinary or compelling circumstances. That showing has not been made.
Accordingly, upon reargument, on remand from the Supreme Court of the United States, the order of the Appellate Division should be reversed, the motion to suppress granted, the conviction vacated and the indictment dismissed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
Upon reargument, on remand from the Supreme Court of the United States, order reversed, etc.