■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO MOSQUERA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Douglass, J.), both rendered December 1, 1983, convicting him of crimi-

nal possession of a controlled substance in the third degree, criminal possession of stolen property in the first degree, illegal possession of a vehicle identification number plate, and unauthorized use of a vehicle in the first degree under indictment No. 7182/82, and criminal possession of a weapon in the third degree under indictment No. 7183/82, after a nonjury trial, and imposing sentence.

Ordered that the judgments are affirmed.

According to the trial testimony, the defendant and his codefendant had just parked the vehicle in which they had been riding and were in the process of exiting when they were approached by two officers who had pulled up behind them in a patrol car. One of the officers observed several small bags containing white powder, later determined to be cocaine, in open view in the back seat of the car. The two men were promptly arrested; a loaded gun was found on the defendant's person, and the car was determined to have been stolen. After a nonjury trial, the defendant was convicted of all of the charges stemming from his arrest.

The sole claim raised by the defendant on appeal is that he was deprived of the effective assistance of counsel by virtue of defense counsel's failure to request a suppression hearing, his failure to assert a cognizable theory of defense, and stipulating to the admission of evidentiary facts relating to the car's ownership, the operability of the recovered weapon, and the narcotic content of the substance found in the plastic bags.

On this record, trial counsel's failure to request a suppression hearing does not support a claim of ineffectiveness, as no suppression issue of any import or merit is raised by the trial testimony (see, People v Boero, 117 AD2d 814, 815; People v Morris, 100 AD2d 630, affd 64 NY2d 803). No stop occurred in this case requiring an inquiry as to probable cause as a predicate for the police action, and the narcotics were observed in the interior of the car in plain view (see, People v Class, 63 NY2d 491, 494-495, revd on other grounds 475 US 106, on remand 67 NY2d 431). We find the defendant's remaining contentions regarding his representation at trial to be meritless, as these claims, in this instance, are merely indicative of the overwhelming evidence against him rather than any inadequacy on the part of his counsel. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.