**Warren Lee HARRIS,**
**Petitioner-Appellant,**

v.

**Marvin REED, et al.,**
**Respondents-Appellees.**

**No. 86–2032.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1987.

Decided June 12, 1987.

Rehearing and Rehearing En Banc
Denied July 20, 1987.

E. King Poor, Winston & Strawn, Chicago, Ill., for petitioner-appellant.

Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before BAUER, Chief Judge, CUDAHY, and POSNER, Circuit Judges.

BAUER, Chief Judge.

Warren Lee Harris was convicted of murder in 1977 and received an indeterminate sentence of 50–100 years in prison. His conviction was upheld on appeal against a challenge to the sufficiency of the evidence. Harris filed both state and federal petitions for post-conviction relief. In his state petition for post-conviction relief, Harris alleged ineffective assistance of trial counsel. This issue had not been raised on direct appeal. Harris' state petition for post-conviction relief was denied. The Illinois Appellate Court affirmed the dismissal of Harris' petition, although it is unclear whether the dismissal was based on waiver or the weakness of Harris' claim on the merits.

In his federal petition for a writ of habeas corpus in the United States District Court, Harris again claimed ineffective assistance of trial counsel. Although the state urged that Harris' failure to present the claim on direct appeal precluded the federal court from addressing the claim, the court found that the state appellate court had excused the procedural default by addressing the merits in denying Harris' petition for post-conviction relief. *United States ex rel. Harris v. Reed*, 608 F.Supp. 1369 (N.D.Ill.1985). The district court then dismissed Harris' claim on its merits. We affirm the dismissal of Harris' petition without reaching its merits, since we conclude that the state court did not excuse the procedural default at issue.

## I.

Harris was convicted of shooting Ernest "Pete" Howard on the west side of Chicago in 1977. Howard died before identifying his assailants. Harris was connected to the crime by the testimony of Antonio Slater who was driving down the block near the site of the murder. Slater testified that he heard a shot, saw Harris jump into

a car and drive away past him. At trial, Harris was represented by Assistant Public Defenders Todd Musberger and Kathryn Kuhlen. In the opening statement, the defense promised to show that two witnesses had identified a man named McWhorter leaving the scene of the crime. In fact, Alice Riles and LeRoy Carter had given statements to that effect to the police and were present, in the courtroom, prepared to testify for the defense. In the end, however, the defense presented no witnesses, resting on the belief that the state had not proven its case against Harris beyond a reasonable doubt.

Harris did not claim ineffective assistance of counsel in his direct appeal.[1] In denying the petition for post-conviction relief, the state court noted that an issue is waived for purposes of post-conviction relief if it could have been raised on direct appeal. Typically, a claim of ineffective assistance of counsel cannot be raised on direct appeal because its resolution often requires evidence which is not contained in the record on appeal. Here, however, the state court found that all of the grounds presented to support the claim of ineffective assistance of counsel were sufficiently supported by the record to have been raised on direct appeal—with the exception of the ground alleging counsels' failure to investigate and present alibi witnesses. After noting this, the court proceeded to reach and reject some of Harris' claims on the merits—claims which he could have raised on direct appeal. The United States District Court held a three-day hearing to examine Harris' claim of ineffective assistance of counsel in his petition for habeas corpus relief and determined that Harris' claim should be rejected on its merits.

## II.

■■■ The state urges us to find that the district court erred in ruling that Harris had not waived his right to present his claim of ineffective assistance of trial counsel by failing to raise the issue on direct appeal. Failure to raise an issue that could have been raised on direct appeal waives the issue for the purposes of post-conviction review. *People v. Edmonds*, 79 Ill. App.3d 33, 34 Ill.Dec. 555, 398 N.E.2d 230 (1st Dist.1979). An issue which precludes a state appellate court from addressing the merits of a claim, also precludes a federal court, on a habeas corpus petition, from addressing the merits of the claim. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983). If, however, the state court ignores the procedural default and addresses the claim on its merits, a federal court is not precluded from reaching the merits of the claim in a petition for habeas corpus relief. *United States ex rel. Williams v. Franzen*, 687 F.2d 944 (7th Cir.1982).

As here, the defendant in *Williams* failed to present a claim on direct appeal, first asserting it in a state petition for post-conviction relief. Without addressing waiver, the state court reached the merits of Williams' claim. On habeas review, the district court noted:

> The policies underlying deference to a state procedural default are inapplicable where the state itself does not apply or enforce the rule. When a state court does not rely on a waiver of a constitutional claim, but goes beyond the alleged waiver to rule on the merits, a federal court can also reach the merits of the claim without the cause-prejudice standard of *Wainwright v. Sykes* being met.

*Id.* at 951. Thus, a state court's complete failure to note waiver allows a federal court to review the merits of a claim. In *Farmer v. Prast*, 721 F.2d 602 (7th Cir. 1983), we addressed the effect of a state court decision which relied both on a procedural default and on the weakness of the appellant's claim on the merits. There we determined that when a state court relies both on waiver and a rejection of the claim on the merits—a federal court will respect the alternate *res judicata* ground of the

---

1. It appears that Harris was represented on appeal by counsel from the State Appellate Defenders Office and was no longer represented by Assistant Public Defenders, thus making it more difficult to show cause for the failure to raise the issue on direct appeal.

order and will be precluded from reaching the merits of the claim. *See also Phillips v. Lane*, 787 F.2d 208, 211 (7th Cir.1986).

The state appellate court order at issue here is distinguishable from the orders in both *Williams* and *Farmer*. In *Williams*, the court completely ignored waiver, while in *Farmer*, the court expressly relied, in part, on waiver. The state court here did neither. In examining Harris' post-conviction petition, the state court noted that failure to present an issue on direct appeal precludes post-conviction review unless the nature of the issue is such that it could not have been raised on direct appeal. The district court then examined the trial court record and found that all grounds, save that relating to the alibi witnesses, could have been presented on direct appeal. Without expressly finding that all other grounds were waived, the court then proceeded to a short discussion of general standards for judging a claim of ineffective counsel. Next, the court analyzed both trial counsel's failure to call alibi witnesses, as well as other grounds that could have been raised on direct appeal and concluded that Harris had received the effective assistance of his trial counsel.

The district court found the state court order analogous to that in *People v. Ross*, 63 Ill.App.3d 884, 20 Ill.Dec. 688, 380 N.E.2d 897 (1st Dist.1978), in which the Illinois Appellate Court noted a waiver problem but decided to examine the case on its merits. In *Ross*, however, the court explicitly stated its determination to ignore the procedural default. Here, we have no such clear expression of intent. There is neither an explicit finding of waiver nor an expression of an intention to ignore waiver. The order is ambiguous because the court addressed the merits of some of the petitioner's claims which it clearly implied had been waived.

While we do not require an explicit finding of waiver nor an explicit statement of intention to ignore waiver, it is clearly more helpful to include such language. In considering whether a state court chose to condone a procedural default, a reviewing court should try to assess the state court's

intention to the extent that this is possible. Upon review of the state court order, we find we must disagree with the district court in this regard. A full reading of the order suggests to us that the appellate court intended to find all grounds waived except that pertaining to the alibi witnesses. The court then proceeded, as an alternate holding, to reject Harris' claim on its merits. Under these circumstances, we find that the order was closer to that in *Farmer*, where the state court relied on alternate grounds for its finding. We cannot find that the state court intended to ignore the procedural default. Accordingly, we are precluded from reviewing the argument raised in the petition, and the order dismissing the habeas corpus petition is

AFFIRMED.

CUDAHY, Circuit Judge, concurring:

I write separately only to indicate my view that the ineffective assistance of counsel claim should not be treated as waived. As the majority notes, the Illinois Appellate Court made no express determination that the claim had been waived. The Illinois court considered the claim on its merits. Rather than attempting to divine the unspoken "intent" of that court, I think we should invoke a presumption that waiver not clearly found has been condoned. Waiver, particularly of an ineffective assistance claim on direct appeal, is an essentially technical ground for avoiding very difficult, very important and very close issues on the merits. Certainly it is within the state courts' power to protect their procedural requirements merely by making express findings that a petitioner has waived.

Judge Getzendanner struggled with the important and difficult issues here and, after a hearing lasting three days, denied the petition. Although the matter is very close, I would support her determination and thereby reach the same result as the majority but by a different route.