**Ira Marshall GOODWIN, Jr.,
Petitioner–Appellant,**

**v.**

**James A. COLLINS, Director, Texas
Dept. of Criminal Justice, Institutional
Division, Respondent–Appellee.**

**No. 89–2139.**

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1990.

Rehearing Denied Sept. 20, 1990.

Ira Marshall Goodwin, Jr., Huntsville, Tex., pro se.

---

**90.** *Id.*

**91.** *See Kenyatta v. Moore,* 623 F.Supp. 220, 222–23 (S.D.Miss.1985).

**92.** Fed.R.Civ.P. 54(b); *Bon Air Hotel v. Time, Inc.,* 426 F.2d 858, 862 (5th Cir.1970).

Sherri Saucer (law student), Professor Henry D. Gabriel (Court-appointed), New Orleans, La., for petitioner-appellant.

Charles A. Palmer, Christine D. White, Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion June 20, 1990, 5 Cir., 1990, 903 F.2d 1026)

Before WISDOM, POLITZ and JOHNSON, Circuit Judges:

PER CURIAM:

The Court has reconsidered its opinion in the instant case; accordingly, the prior opinion is withdrawn and the following substituted: Ira Marshall Goodwin filed a petition for habeas corpus with the district court alleging insufficiency of the evidence to support his conviction. The district court, concluding that Goodwin had procedurally defaulted, denied habeas relief without reaching the merits of the claim. Goodwin filed a timely appeal to this Court. Because we must conclude that Goodwin's claim is procedurally barred, we affirm the judgment of the district court.

### I.

Goodwin was charged with the first-degree felony murder of Warren James Durkee, Jr. Goodwin pled not guilty and the case proceeded to trial before a jury before a Texas state district court. Following the presentation of evidence at the guilt-innocence phase, Goodwin moved for an instructed verdict which the court denied. The court then charged the jury regarding the murder offense as well as the lesser included offenses of voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, aggravated assault and assault. Goodwin's counsel generally objected to the inclusion of instructions as to the lesser included offenses. More specifically, counsel objected to the inclusion of the instruction on involuntary manslaughter and criminally negligent homicide on the grounds that there was no evidence to support them. As to the other lesser included offenses, counsel stated no basis for the objection other than that he was instructed by his client to lodge such an objection.

The jury found Goodwin guilty of voluntary manslaughter, and Goodwin chose to have the court assess punishment. After finding that the enhancement allegations in the indictment were true, the court assessed punishment at thirty years in the Texas Department of Corrections. Additionally, the court imposed a $5000 fine. Goodwin appealed the conviction. On appeal, Goodwin raised the issue that " 'the trial court erred in submitting to the jury, over appellant's timely objection, a charge on the lesser included offense of voluntary manslaughter,' " because " 'the issue of voluntary manslaughter was not raised by any evidence.' " Goodwin v. State, 694 S.W.2d 19, 26 (Tex.Crim.App.—Corpus Christi 1985). The state appellate court found that the evidence was in fact insufficient to establish "sudden passion rising from an adequate cause," but held that the ground of insufficiency of the evidence for voluntary manslaughter was not preserved for review because of procedural default resulting from counsel's failure to properly object at trial. The state appellate court did, however, find that imposition of the fine was improper under the Texas habitual offender statute, set aside the punishment and remanded for further proceedings. On remand to the state district court, punishment was again set at thirty years incarceration.

Goodwin next filed a petition for discretionary review with the Texas Court of Criminal Appeals which was denied without written opinion. Goodwin's application for state writ of habeas corpus, raising the same issue, was also denied by the Texas Court of Criminal Appeals without written order.

Goodwin then filed the instant writ application in federal district court raising only the issue that there was insufficient evi-

dence to support a finding of voluntary manslaughter. The magistrate determined that Goodwin had failed to comply with the contemporaneous objection rule. Based on the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the magistrate recommended the petition be denied because Goodwin was procedurally barred from collateral relief and had failed to show adequate cause for the default and prejudice arising from the jury instruction given. The district court adopted the magistrate's report, added its own analysis, and denied relief. Goodwin filed a timely notice of appeal with this Court, and the district court issued a Certificate of Probable Cause.

### II.

The Supreme Court has instructed that the mere existence of a basis for a state procedural bar is not talismanic. Rather, it must be apparent that the state court "actually ... relied on the procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985). Recently, in *Harris v. Reed*, the Supreme Court gave federal courts more guidance into the proper application of the procedural default rule. In that case, the Supreme Court instructed that procedural default bars federal habeas review only if the last state court rendering a judgment in the case clearly and expressly rests its judgment on the procedural default. *Harris*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).

It is significant that where a state intermediate appellate court renders a decision, and the highest state court thereafter simply denies discretionary review, then it is the judgment of the intermediate appellate court which is reviewed in the United States Supreme Court on certiorari, and the writ of certiorari runs to the intermediate appellate court. Accordingly, the *Harris* court's reference to "the last state court rendering a judgment in the case" should be understood to refer to the state court whose judgment would be reviewed if direct review had been granted in the United States Supreme Court. That court, the Corpus Christi Court of Appeals, clearly and expressly relied on procedural default.

### III.

Because of the last state court's reliance on procedural default, we are procedurally barred from reviewing the merits of the claim. The judgment of the district court is affirmed.

AFFIRMED.