**Jerry Lynn YOUNG,**
**Petitioner–Appellant,**

v.

**Robert HERRING, Lee County Sheriff,**
**et al., Respondents–Appellees.**

**No. 89–4095.**

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1990.

Henry Gabriel (Court appointed), New Orleans, La., for petitioner-appellant.

Jerry Lynn Young, Parchman, Miss., pro se.

JoAnne M. McLeod, Mike Moore, Atty. Gen., Jackson, Miss., for respondents-appellees.

Before POLITZ, KING and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This case involves the requirement in a habeas corpus proceeding that a due process inquiry is barred only when the highest state court, pursuant to the contemporaneous objection rule, denies relief by a clear and express statement of an independent state ground for decision. The case involves the validity of an in-court identification of the accused. A prior panel of this Court found an independent state ground, although there was no express statement. But that decision was before a recent controlling decision of the United States Supreme Court. *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

We find that neither the "law of the case" doctrine nor a claim of non-retroactivity bars consideration of appellant's *Harris v. Reed* argument. We then find

that the state court failed to conform to the "clear and express statement" requirement of *Harris v. Reed* to establish an independent and adequate state ground for decision. Finally, we find that the in-court identification testimony was erroneously admitted in violation of appellant's right to due process, and we reverse.

## I. *Facts and Prior Proceedings*

Appellant Jerry Lynn Young was convicted on December 19, 1980, of the armed robbery of the Bank of Mississippi in Tupelo, Mississippi. On March 17, 1980, a man wearing some sort of mask and carrying a sawed-off shotgun robbed the bank. At the time of the robbery, three tellers were present at the scene of the crime. The crime lasted approximately one and one-half to two minutes. The robber forced the tellers to lie face-down on the floor. A Tupelo police officer saw the robber leave the bank and get into his car.

At trial, in anticipation of leniency, Young's alleged accomplices testified that he robbed the bank. Although two of the bank tellers and the police officer gave descriptions of the robber, they could not identify Young as the bank robber. Only the third teller, Barbara Hoard, identified Young in court as the robber. Appellant seeks to challenge the constitutionality of this identification.

According to the record, immediately after the robbery, Hoard described the robber as a white man in his mid-twenties to early thirties, 5′5″ to 5′7″ tall, 150–60 lbs., with light brown hair and gold-rimmed glasses. She testified that she could describe him because, although she was scared to death, she had raised her head and looked up at the robber while she was lying on the floor. She stated that she could see his glasses, eyes, mouth, the side of his face and his hair through the holes in the stocking he wore over his head. The other tellers and the policeman all testified to the contrary that the robber wore not a stocking but a mask. Despite her detailed description, at that time Hoard could not identify or recognize the robber as either a bank customer or as Young, although she

testified that she knew Young by sight as a bank customer. It was not until four or five weeks later that Hoard first identified appellant at a pre-trial photographic identification procedure.

At the time of the photo array procedure, Hoard knew that a "Jerry Lynn Young" was a suspect in the crime. Hoard was shown six photographs. One was a picture of Jerry Young with his name printed on it. He was thirty-seven, gray-haired, clean-shaven and wore glasses. No evidence suggests that he looked any different at the time of the crime. Four of the other five photos were of men in their early twenties; the fifth man also was not close to Jerry Young's age. Only one of the other five men wore glasses, and he had a beard.

At trial, during the prosecution's case-in-chief, Young's counsel moved to strike Hoard's testimony, and moved for a mistrial, "on the grounds that Mrs. Hoard made an alleged identification of the defendant from the photograph before she came into Court and made an in-court identification". *Young v. Herring*, 777 F.2d 198, 200 (5th Cir.1985). The trial court denied the motion. The court did, however, grant defense counsel's motion for production of the photos. They were subsequently produced and introduced in evidence at the close of the case. Defense counsel did not make any more objections to Hoard's identification of Young until after the verdict of guilty was returned by the jury. At that time, the defense moved for a new trial on the ground that Hoard's in-court identification was based on an impermissibly suggestive out-of-court identification. The trial court denied the motion.

Young's direct appeal to the Mississippi Supreme Court challenged these denials. The Mississippi Supreme Court affirmed. It held:

> Young's motion to strike the testimony and for a mistrial, dealt not with an allegation that the in-court identification was gained as the result of a suggestive or improper pre-trial identification procedure, but was on the sole basis that the witness' in-court identification came after

a pretrial photographic identification. Under this circumstance the lower court did not err in ruling the credibility of Mrs. Hoard's identification was for the jury to weigh."

*Young v. State*, 420 So.2d 1055, 1059 (Miss. 1982). Young's motion for rehearing was denied summarily.

Young subsequently filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court. The district court found that the admission of the in-court identification testimony had deprived Young of due process and granted the writ. The court did not reach the other claims in his petition.

On appeal, this Court reversed the district court's grant of the writ and remanded for consideration of Young's other claims. *Young v. Herring*, 777 F.2d 198 (5th Cir.1985). The panel concluded that it was procedurally barred from reviewing appellant's due process claim because the Mississippi Supreme Court had rested its decision upon an independent and adequate state ground. Young apparently had failed to comply with the Mississippi contemporaneous objection rule. *Id.* at 202-3. The court therefore considered itself barred from reaching Young's constitutional claim under the independent and adequate state ground doctrine. *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). The panel further found that Young could not show sufficient cause and prejudice to excuse his failure to comply with the state procedural rule. *Id.* at 204. We thus concluded that he did not qualify for the *Wainwright v. Sykes* "cause and prejudice" exception to the doctrine.

On remand, the district court determined that the "law of the case" doctrine precluded reconsideration of the identification issue. It also found the remainder of appellant Young's claims were without merit and denied the petition. Young appeals.

## II. *The "Law of the Case" Doctrine*

Although the earlier panel held that it was barred under the independent and adequate state ground doctrine from reaching the due process issue, Young asserts that this Court now must reach those claims because the state court failed to comply with the "clear and express statement" requirement recently established in *Harris v. Reed, supra*. The Court in *Harris* declared:

> a procedural default does not bar consideration of a federal claim on either direct review or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. [Citation omitted.]

489 U.S. at 262, 109 S.Ct. at 1043. The Mississippi Supreme Court, the last state court to render judgment in Young's case, did not state clearly and expressly that its judgment relied on Young's failure to comply with the state contemporaneous objection rule. Thus, this Court properly may reach Young's due process claim.

Appellee forcefully argues, however, that the "law of the case" doctrine forecloses any consideration by this Court of appellant's *Harris v. Reed* argument. It contends that the previous panel already conclusively resolved the issue of the state procedural bar, and that this panel cannot reconsider it.

The "law of the case" doctrine holds that an appellate court decision rendered at one stage of a case constitutes the "law of the case" in all succeeding stages. *Knotts v. U.S.*, 893 F.2d 758 (5th Cir.1990). The doctrine "operates to foreclose reexamination of decided issues either on remand or on a subsequent appeal." *Pegues v. Morehouse Parish School Board*, 706 F.2d 735, 738 (5th Cir.1983). The scope of the doctrine, however, is limited: it "applies only to issues that were decided in the former proceeding and does not pertain [to] questions that might have been decided but were not." *Knotts v. U.S.*, 893 F.2d at 761 (*quoting Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir.1978)). The doctrine encompasses those issues decided by *"necessary* implication" as well as those decided explicitly. *Knotts v. U.S.*, 893 F.2d at 761. The doctrine, however, also recognizes three exceptions:

While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues by an appellate court established the law of the case and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.

*White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir.1967).

We recognize that the "law of the case" doctrine applies to this case. We find, however, that the Supreme Court decision in *Harris v. Reed* catapults the subject issue into the "change in controlling authority" exception to the doctrine. At the time of the earlier panel's decision, it was not required in the context of habeas review that a state court clearly and expressly declare the state procedural ground upon which it rested its judgment. As long as an independent and adequate state ground reasonably could be found to exist, a federal court was barred under the independent and adequate state ground doctrine from reviewing the issue in a habeas petition. In keeping with the existing law, the previous panel properly concluded that the Mississippi court implicitly determined that an independent and adequate state ground existed to support the state court's decision by virtue of appellant's apparent failure to satisfy the Mississippi contemporaneous objection rule.

Subsequent to the prior panel opinion, however, the Supreme Court declared in *Harris v. Reed* that the "plain statement rule" of *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983), which had there been applied to direct appellate review, also applied to habeas review. Now it is no longer sufficient that a federal court can discover by implication a state procedural bar to support the state court judgment. Under *Harris v. Reed*, a state procedural rule will not bar habeas review unless the state court clearly and expressly states the procedural bar.

The Court in *Harris v. Reed*, 489 U.S. at 265, 109 S.Ct. at 1044, stated that it was changing the rule: "[W]e *now extend* to habeas review the "plain statement" rule ..." (Emphasis added.) *Harris v. Reed* thus constitutes a significant change in the controlling authority governing the applicability of the independent and adequate state ground doctrine in the context of habeas review. Further, *Harris v. Reed* is applied retroactively. *See, e.g., Edwards v. Butler*, 882 F.2d 160, 165 (5th Cir.1989); *McCoy v. Lynaugh*, 874 F.2d 954, 959, 967 (concurring opinion) (5th Cir.1989).[1] The law of the case doctrine therefore does not bar review by this panel of appellant's *Harris v. Reed* claim.

### III. The Harris v. Reed "Clear and Express" Statement Requirement

Since the "law of the case" doctrine does not bar reconsideration, we reach appellant's contention that the *Harris v. Reed* clear and express statement requirement was not satisfied in this case. If the requirement has not been satisfied, this Court is obligated to consider appellant's substantive constitutional due process claim. *Harris v. Reed, supra*, 109 S.Ct. at 1045.

We find that the Mississippi Supreme Court did not meet the *Harris v. Reed* requirement. The Mississippi Supreme Court did not rely *clearly and expressly* on a state procedural ground for its judgment. The state court decision is ambiguous on

---

1. Appellee also argues that the *Teague* rule of non-retroactivity bars consideration of appellant's *Harris* argument. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that a petitioner could not raise a new rule of criminal procedure on collateral review. The rule announced and applied by the Supreme Court in *Harris v. Reed* is a quasi-jurisdictional rule regarding the scope and limitations of the independent and adequate state grounds doctrine of abstention. It is not a rule of criminal procedure. *Teague* therefore has no bearing on this case. In fact, the *Teague* court itself considered the *Harris v. Reed* requirement applicable in the *Teague* case.

its face. Nowhere in the opinion does the state court articulate or refer to a state procedural rule, or state that a procedural rule bars appellant's constitutional claim. Moreover, in direct support of its holding, the court specifically refers to and relies on two cases that address only the federal constitutional issue of impermissibly suggestive identifications, and not on any state procedural rule at all. *Young v. State, supra,* 420 So.2d at 1059 (citing *McNeal v. State,* 405 So.2d 90 (Miss.1981) and *Chambers v. State,* 402 So.2d 344 (Miss.1981)).

The Mississippi Supreme Court conceded in its opinion that Young was asserting before it the due process issue of an unduly suggestive pretrial photo identification. But the Court did not consider this issue, asserting failure to object on that basis. The Court interpreted Young's objection to be that a valid courtroom identification could not be based upon a pretrial photo identification.

■ It follows therefore that the Court was acting ambiguously and by implication in finding a failure to object to the due process issue. Thus there was no clear and express statement that it was relying upon a valid state procedural ground of failure to object to justify its failure to consider the due process issue. *See Goodwin v. Collins,* 910 F.2d 185, 187 (5th Cir.1990), echoing *Harris v. Reed:* "procedural default bars federal habeas review only if the last state court rendering a judgment in the case *clearly and expressly* rests its judgment on the *procedural default.*" (emphasis added).

■ Due to the ambiguous nature of the Mississippi Supreme Court's opinion, we find that the "clear and express statement" requirement of *Harris v. Reed* has not been satisfied. Consequently, we must consider appellant's substantive constitutional due process claim regarding the identification testimony of Hoard.

## IV. The Identification Testimony

Appellant contends that the admission of the in-court testimony of Hoard identifying him as the robber violated his constitutional right to due process of law. He asserts

that the testimony was based upon an impermissibly suggestive pre-trial photo display identification procedure.

In order to prevail in his due process claim, appellant must show that the identification procedure at issue was impermissibly suggestive, and that the suggestiveness led to a likelihood of misidentification. *Simmons v. U.S.,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Passman v. Blackburn,* 652 F.2d 559, 569 (5th Cir. 1981), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1722, 72 L.Ed.2d 141 (1982).

■ Upon a review of the record, we are left with no doubt that the pre-trial photo display procedure was impermissibly suggestive and likely led to misidentification of Young at trial. It is clear that the photo display procedure was extremely suggestive. First and foremost, at the time of the procedure Hoard knew that "Jerry Lynn Young" was a suspect. His photo had his name on it. These two circumstances alone arguably are sufficient to render the procedure impermissibly suggestive. But the procedure contained additional grave flaws. Young's picture was the only one of a man in his late thirties. Four of the five other photos were of men in their early twenties. The fifth photo was of a man also disparate in age. Young was the only man with glasses and clean shaven. Only one other man had glasses, but he also had a beard. Furthermore, Hoard picked Young's gray-haired photo out of the pack, despite her previous claim that the robber had brown hair.

The cumulative effect of these glaring differences undeniably leads to the conclusion that the photo array procedure was impermissibly suggestive. *See United States v. Merkt,* 794 F.2d 950, 958 (5th Cir.1986), *cert. denied,* 480 U.S. 946, 107 S.Ct. 1603, 94 L.Ed.2d 789 (1987) (photo array in which the accused's photo was the only one in black and white and was the only Caucasian, while the others were color photos of Hispanic men, was impermissibly suggestive); *Swicegood v. Alabama,* 577 F.2d 1322, 1327 (5th Cir.1977) (a considerable age difference between the accused and

the other men depicted in a photo array was a significant factor in finding the array impermissibly suggestive); *United States v. Gidley*, 527 F.2d 1345, 1350 (5th Cir.) *cert. denied*, 429 U.S. 841, 97 S.Ct. 116, 50 L.Ed.2d 110 (1976) (photo array in which the defendants were the only ones with long black hair, and one defendant was the sole one with an oriental appearance was impermissibly suggestive).

■ The photo display procedure also undoubtedly was likely to lead to a misidentification of Young as the robber. The Supreme Court has outlined five factors to consider in determining whether misidentification was likely: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

First, Hoard had an extremely limited opportunity to view the robber at the time of the crime. The crime only lasted one and one-half to two minutes. The robber's face was covered. No one else at the scene could identify the robber. Her view was from the floor looking up at the robber. Second, according to her testimony, Hoard was very frightened at the time she was lying on the floor at the robber's behest. It thus is unlikely, in such an intensely stressful and brief situation, that she had a high degree of attention as to his description or identity. Third, her earlier description of the robber was far from accurate if Young were the robber. She described the robber as a man in his mid-twenties with light brown hair. Young is in his late thirties with gray hair. Fourth, the record lacks any substantial evidence indicating the level of certainty demonstrated by Hoard at the photo array procedure. Her testimony at trial, however, reveals some uncertainty. She admitted that she could not have recognized appellant as either "Jerry Lynn Young" or as the bank robber if she had seen him walking down the street after the robbery. Fifth, the length of time between the robbery and the photo array procedure was at least four to five weeks. Given these extreme facts, we conclude that the pretrial photo array procedure was likely to lead to a misidentification of Young.

Finally we must determine whether admitting Hoard's tainted testimony was harmless error. We find that the error was not harmless. The tainted identification of appellant at trial was a significant part of the state's case, particularly because no other person at the scene of the crime could identify Young as the perpetrator. We conclude that the admission of this impermissible identification testimony might well have contributed to Young's conviction. *See Foster v. California*, 394 U.S. 440, 443, 89 S.Ct. 1127, 1129, 22 L.Ed.2d 402 (1969); *Brown v. Blackburn*, 625 F.2d 35, 37 (5th Cir.1980) (citing *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967)).

## V. *Conclusion*

The "law of the case" doctrine does not bar review of appellant Young's claim. Under the independent and adequate state ground doctrine we find that the state court's decision did not comply with the *Harris v. Reed* "clear and express statement" requirement. On the merits of Young's due process claim, the photo display procedure was impermissibly suggestive and likely led to a misidentification of Young as the robber. The admission of the in-court identification based upon the pretrial procedure therefore violated Young's right to due process of law. We must reverse the district court's denial of the writ of habeas corpus.

PETITION FOR HABEAS CORPUS GRANTED.

KING, Circuit Judge, dissenting:

The majority, citing *Harris v. Reed* as authority, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), in effect holds that a federal habeas court may review a state court decision that does not include a plain statement that it relies on state law, even

though the state court decision does not in any way indicate that its decision is based on federal law. Such a requirement dramatically expands the scope of federal habeas review of state court judgments in disregard of the Supreme Court's concern for comity with the state courts and the finality of state court judgments expressed in *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Because the majority thoroughly misapplies the *Harris v. Reed* plain statement rule, I respectfully dissent.

Under *Harris*, a federal habeas court may review a petition raising a federal claim despite a state procedural bar if the state court opinion is ambiguous on the question of whether the state court rejected the federal claim on the basis of its understanding of federal law or on the state procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989). The state court can remove the ambiguity and prevent federal review only by a plain statement that it relied upon an adequate and independent state ground. *Id.* In the instant case, the Mississippi Supreme Court did not base its rejection of Young's federal due process claim on its interpretation of federal law, nor was its discussion of state law intertwined with its interpretation of federal law. Because the state court decision was not ambiguous for purposes of *Harris v. Reed*, the majority errs in reaching the merits of Young's federal due process claim absent a showing of cause for Young's failure to comply with the state procedural rule and actual prejudice resulting from imposition of the procedural default. *Wainwright v. Sykes*, 433

U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

In *Harris*, the Illinois Appellate Court found that under state law the petitioner waived state post-conviction review of his claim that he received ineffective assistance of counsel because he failed to raise that claim on direct appeal. The Illinois court went on, however, to consider and reject petitioner's ineffective assistance claim on the merits. *Harris v. Reed*, 109 S.Ct. at 1040.

The Illinois court did not clearly state that its rejection of the petitioner's ineffective assistance claim on the merits was an alternative rather than the sole basis for its decision.[1] Under these circumstances, the Supreme Court found that the state court decision was ambiguous on the question of whether it based its decision on the state court's interpretation of federal law concerning ineffective assistance of counsel or whether it based its decision on the state procedural default.[2] The Supreme Court concluded, therefore, that the federal habeas court was not precluded from considering the petitioner's federal claim because the final state court to review the claim had not included a clear and express statement that it was relying on an adequate and independent state procedural ground. *Id.* at 1045.

Neither the rationale, the plain language, nor the specific facts in *Harris* require a "plain statement" when the state court did not rely on federal law to deny the petitioner's claim and the only question that might be considered ambiguous is the precise state grounds upon which the state court based its decision.[3] Under such circum-

---

**1.** The ambiguity in *Harris* arose because "[t]he state court 'did not appear to make two rulings in the alternative, but rather to note a procedural default and then ignore it, reaching the merits instead.'" *Harris*, 109 S.Ct. at 1041, quoting the district court's decision, 608 F.Supp. 1369, 1378 (N.D.Ill.1985). In our case, the Mississippi Supreme Court never reached the merits of Young's due process claim.

**2.** Seventh Circuit precedent established that if "the state court ignores the procedural default and addresses the claim on its merits, a federal court is not precluded from reaching the merits of the claim in a petition for habeas corpus."

Under such circumstances, the Seventh Circuit deemed the decision on the merits to waive the state procedural bar. *Harris v. Reed*, 822 F.2d 684 (1987), *rev'd by*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

**3.** In *Harris*, the Supreme Court noted that the state court's invocation of a procedural default arguably would have prevented review even without a plain statement that it relied on an adequate and independent state ground if the state court never reached the federal claim. Unlike the instant case, however, the state court in *Harris*

stances, we may review the federal claim without a showing of cause and prejudice only if the state procedural ground was not adequate to support the state court's judgment.[4]

While the Mississippi Supreme Court's discussion is hardly a model of clarity, it is not ambiguous. In order for language to be ambiguous, not only must its meaning be unclear, but its interpretation must be doubtful to a person of competent skill and understanding.[5] The Mississippi Supreme

Court rejected Young's federal due process claim that Mrs. Hoard based her in-court identification on an improperly suggestive pre-trial identification because it found that Young's attorney did not object to Mrs. Hoard's in-court identification on that basis. Young's objection, the Mississippi Supreme Court found, rested solely on the grounds that Mrs. Hoard's in-court identification came after a pre-trial photographic identification, a claim that does not raise a federal due process issue.[6] The Mississippi Supreme Court then upheld the trial court's

---

4. clearly went on to reject the federal claim on the merits. As a result, the reference to state law in the state court's opinion is insufficient to demonstrate clearly whether the court intended to invoke waiver as an alternative ground. It is precisely with regard to such an ambiguous reference to state law *in the context of clear reliance on federal law* that *Long* permits federal review of the federal issue. *Harris v. Reed*, 109 S.Ct. at 1045, n. 13 (emphasis added).

4. We do not mean to imply that any vague reference to a state procedural rule will bar federal habeas review if the state court fails to discuss the federal issue. The state ground must be an "adequate" as well as an "independent" state law ground. The Supreme Court has found state procedural rules inadequate to prevent review of the defendant's federal claim in a variety of circumstances. For example, the Supreme Court has found a state procedural bar inadequate when the procedure itself violates the Fourteenth Amendment's due process clause. *See Reece v. Georgia*, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955) (state rule requiring that objections to the composition of grand juries be made by criminal defendants before their indictment did not bar Supreme Court review of a claim made by a semi-illiterate defendant of low mentality for whom counsel had not been appointed until after he had been indicted). Nor does a state procedural rule preclude review if the procedure has not been strictly followed, or if the result in a particular case is inconsistent with past practice. *See James v. Kentucky*, 466 U.S. 341, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984) (Fact that defendant requested only an "admonition" rather than "instruction" did not preclude Supreme Court review of defendant's claim that the jury had not been properly charged to ignore defendant's failure to testify because distinction between "admonition" and "instruction" had not been applied consistently in the past).

5. BLACK'S LAW DICTIONARY 41 (5th ed., abridged, 1983) defines ambiguity as
   Doubtfulness; doubleness of meaning. Duplicity, indistinctness, or uncertainty of meaning of an expression used in a written instrument.... Ambiguity of language is to be distinguished from unintelligibility and inaccuracy, for words cannot be said to be ambiguous unless their signification seems doubtful and uncertain to persons of competent skill and knowledge to understand them.

Ambiguity must be distinguished from vagueness:
   It is unfortunate that many lawyers persist in using the word *ambiguity* to include vagueness.... Whereas *ambiguity* in its classical sense refers to equivocation, *vagueness* refers to the degree to which, independently of equivocation, language is uncertain in its respective applications to a number of particulars. Whereas the uncertainty of ambiguity is central, with an 'either-or' challenge, the uncertainty of vagueness lies in marginal questions of degree.

R. Dickerson, *The Interpretation of Statutes* 48–49 (1975). Although the Mississippi Supreme Court's decision may be vague, its signification does not seem doubtful to a person of competent skill and knowledge.

6. After examining Young's objection, the Mississippi Supreme Court concluded:
   Young's motion to strike the testimony and for a mistrial, dealt not with an allegation that the in-court identification was gained as the result of a suggestive or improper pre-trial identification procedure, but was on the sole basis that the witness' in-court identification came after a pre-trial photographic identification. Under this circumstance the lower court did not err in ruling the credibility of Mrs. Hoard's identification was for the jury to weigh. *McNeal v. State*, 405 So.2d 90 (Miss. 1981). We reiterate as we stated in *Chambers v. State*, 402 So.2d 344, 347 (Miss.1981), "We are content to rely upon the good sense and judgment of juries, for evidence with some element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature."
*Young v. State*, 420 So.2d 1055, 1059 (Miss. 1982).

decision not to strike Mrs. Hoard's identification, or grant a new trial, without discussing Young's claim that the pre-trial procedure was improperly suggestive.[7]

The conclusion appears inescapable that the Mississippi Supreme Court rejected Young's claim because his attorney procedurally defaulted by failing to properly object. In fact, this was precisely our finding in our earlier opinion.[8] The Mississippi Supreme Court's failure to state that it based its decision on its contemporaneous objection rule may make the opinion vague.[9] It does not make the opinion ambiguous, however, because the opinion is not reasonably susceptible to more than one interpretation.

If the Mississippi Supreme Court's opinion can be considered ambiguous at all, it is ambiguous only on the question of exactly what state procedural ground the court relied upon in not reaching Young's federal due process claim. Such ambiguity is not relevant to a *Harris v. Reed* analysis. The relevant ambiguity for purposes of the adequate and independent state grounds doctrine is whether the state court relied on federal or state law. If the Mississippi Supreme Court had found against Young on the merits of his claim and also found that the claim was procedurally barred, the opinion would be ambiguous for purposes of the adequate and independent state grounds doctrine absent a plain statement that the state court relied upon the procedural bar. The Illinois appellate court's opinion in *Harris* was ambiguous for just this reason. If the Mississippi Supreme Court had relied upon its state constitution's due process provisions, but had cited federal due process cases, the opinion would have been ambiguous because the state court's interpretation of its law was intertwined with its understanding of federal law. Precisely this kind of ambiguity spurred the Supreme Court to require a plain statement in *Michigan v. Long.*

The facts in our case, however, indicate no such ambiguity. The Mississippi Su-

---

7. The day following Mrs. Hoard's in-court identification, Young's attorney objected to the trial court's admission of Mrs. Hoard's in-court identification as follows:

BY MR. FARESE [Young's attorney]: Comes now the defendant and respectfully moves the Court to strike out all the testimony of the witness Mrs. Hoard on the grounds that Mrs. Hoard made an alleged identification of the defendant from the photograph before she came into Court and made an in-court identification. We move that the Court order all her testimony stricken, and move for a mistrial also at this point.

&ast; &ast; &ast; &ast; &ast; &ast;

BY JUDGE BIGGERS: The Court is of the opinion that it is a question for the jury to determine what weight they wish to give this identification the way the question was framed to the witness, as the Court recalls, it was not based on whether she saw and identified a picture of this defendant some time after the robbery, but whether or not she saw, yesterday, the man who robbed her, in the courtroom. She pointed out she did. It is not clear in the record that this identification was based on having seen a picture; maybe she did, as she testified, point him out in a picture, the way the question was framed. She identified the man today as the man who robbed her, based on the identification.

8. In our earlier opinion, we found:

Although the Mississippi Supreme Court did not expressly state that Young's motion for new trial came too late, that is obviously implicit in its holding that Young procedurally defaulted, and in its refusal, for that reason, to rule on the merits of his claim of improperly suggestive pre-trial identification. As indicated in the [Mississippi Supreme] Court's opinion, it clearly determined that Young was afforded ample opportunity to go into the matter during trial.... Likewise, ... the state argued in its brief to the Mississippi Supreme Court that Young had waived the claim by not raising it until after verdict. Further, the law of Mississippi is clear that, where the matter could have been raised during trial, raising it for the first time by motion after verdict is too late.... In these circumstances, we treat the Mississippi Supreme Court's opinion as if it had expressly stated that raising the matter for the first time by motion for new trial was, under these facts, too late to preserve it.

*Young v. Herring,* 777 F.2d 198, 204 n. 11 (1985). The majority expresses no disagreement with this finding.

9. MISS.CODE ANN. § 99–39–21(1) states:

Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors whether in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the State of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

preme Court clearly did not reach the merits of Young's due process claim. Nor did the two state court opinions cited by the Mississippi Supreme Court indicate that its understanding of state law was intertwined with its interpretation of federal law. The Mississippi Supreme Court cited those cases for the proposition that the credibility of a witness is for the jury to determine when an in-court identification follows a pre-trial photographic identification. They were not cited as authority to reject Young's claim that the pre-trial identification was improperly suggestive. Under these circumstances, the Mississippi Supreme Court's decision, even if it could be considered ambiguous, is not ambiguous for purposes of *Harris v. Reed.*

The Supreme Court in recent years has narrowed the scope of federal habeas review based on principles of comity and respect for the finality of state court judgments. *See Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The majority's opinion would require a state court to include a "plain statement" that it bases its decision on an adequate and independent state law ground even when the state court did not rely on federal law in making its decision. Such a requirement dramatically expands the scope of federal habeas review of state court judgments and disregards the Supreme Court's rationale for its decisions in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and

*Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

Even assuming, arguendo, that we may review Young's due process claim because the Mississippi Supreme Court failed to include a plain statement that it was relying on an adequate and independent state law ground, the majority erred in granting the writ without discussing the merits of the state's contention that Young's claim was procedurally barred. The majority does not decide that the Mississippi Supreme Court erred in concluding that Young failed properly to object to Mrs. Hoard's in-court identification, and it does not decide that a proper objection was not required. Nor did the Mississippi Supreme Court waive the procedural bar.[10] The majority opinion provides no reason, therefore, to believe that the Mississippi Supreme Court was not justified in failing to reach the merits of Young's claim. Nevertheless, the majority ignores the state procedural bar. Apparently, the majority construes *Harris* as giving this court carte blanche to disregard adequate state law grounds if the state court fails to include a plain statement that it relied on state law. The Supreme Court, we observe, has never assumed such power on entertaining a direct appeal from an ambiguous state court judgment.[11]

Because the Mississippi Supreme Court's opinion clearly did not rely on federal law, and the state law ground was adequate to support the Mississippi Supreme Court's judgment, the adequate and independent

**10.** In *Harris v. Reed,* the Seventh Circuit considered whether the state court waived the procedural error by addressing the petitioner's claim on the merits. *Harris v. Reed,* 822 F.2d 684 (7th Cir.1987), *rev'd by,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). No such waiver, however, can be inferred in the instant case. The Mississippi Supreme Court did not address the merits of Young's claim and indicated that it believed that Young's claim had been foreclosed. The failure to include a plain statement, therefore, can hardly be construed as waiving Mississippi's procedural bar.

**11.** Under the *Michigan v. Long* plain statement rule, the state court on remand from the United States Supreme Court may conclude that it based its decision on state law and ignore the Supreme Court's analysis of federal law. Such

a conclusion, in effect, makes the Supreme Court's opinion merely advisory. *See e.g., People v. Class,* 67 N.Y.2d 431, 433, 494 N.E.2d 444, 445, 503 N.Y.S.2d 313, 314 (1986) (The Supreme Court reviewed a New York decision because of a lack of a plain statement that it relied upon state law. On remand, the Court of Appeals of New York reinstated its earlier judgment, stating that it found a violation of its state constitution.). *See also,* Comment, *Michigan v. Long: The Inadequacies of Independent and Adequate State Grounds,* 42 U.Miami L.Rev. 159, 172 (1987). Under the majority's opinion in the instant case, however, the state has no opportunity to establish that its decision was based on state law, although the majority finds only that the state court's opinion is ambiguous on this point.

state grounds doctrine [12] prevents our review of Young's claim that the pre-trial photographic identification was improperly suggestive absent a showing of cause and actual prejudice for Young's failure to comply with Mississippi's contemporaneous objection rule. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Because Young failed to demonstrate cause for his failure to comply with Mississippi's procedural rules, the majority should not have reached the merits of his claim.[13]

The majority's requirement that a state court provide a clear and express statement that it relied on adequate and independent state grounds, even though the state court opinion is not ambiguous on this question, expands the scope of federal habeas corpus review. Nor does *Harris v. Reed* 's plain statement rule allow us simply to ignore state law grounds adequate to support its judgment. For both these reasons, I respectfully dissent. The bottom line is that we got this case right the first time, and there is no reason to revisit it and change the result of the first panel.

---

**12.** In our former opinion in this case, we observed that the state grounds were obviously adequate and independent. We stated:

> Plainly, the procedural ground in question was a state ground, and was "independent" in the *Sykes* sense, that is independent of the merits, as the Mississippi Supreme Court never reached the merits because of the procedural default.... Plainly, the requirement for a correct contemporaneous objection is an "adequate" state ground. We have upheld similar requirements many times.

*Young v. Herring*, 777 F.2d at 203 n. 9.

**13.** As we found in our former opinion in this case, Young could not have been expected to have objected that the pre-trial identification was improperly suggestive immediately after Mrs. Hoard testified. Neither Young nor the trial judge had yet seen the photographs upon which Mrs. Hoard based her pre-trial identification. Young did not make any further objections to Mrs. Hoard's identification, however, until after the jury returned a guilty verdict. Once Young's attorney had a chance to review the photographs, he no longer had good cause for failing to object. *Young v. Herring*, 777 F.2d 198, 202 (5th Cir.1985). The Mississippi Supreme Court stated that "Young was provided all of the photographs prior to the presentation of his version of the case," which enabled him "to fully examine the entire identification procedure in his case-in-chief." *Young v. State*, 420 So.2d 1055, 1060 (Miss.1982). Because Young cannot demonstrate cause for his failure to comply with Mississippi's contemporaneous objection rule, I do not reach the question of whether Mississippi's application of that rule prejudiced him.