IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10282
Summary Calendar
_____

CARDELL RHETT, JR., also known as
Rhett Cardell, Jr.,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
CHARLES ALEXANDER, Dr.; MAXWELL GARDINER, Dr.;
SWARTS, Dr.; B. ALLEN; G. PIERSON; B. CASEL;
UTMB MANAGED CARE; SCHERRY MCKELVEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-114
--------------------

November 8, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Cardell Rhett, Texas prisoner # 672730, appeals the district court's dismissal of his 42 U.S.C. § 1983 action after remand for consideration of his claim that the defendants delayed replacing a necessary knee brace for 14 months.  Rhett contends that the defendants' delay in obtaining the new knee brace constituted deliberate indifference to his serious medical need for a new

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knee brace.  This court's prior decision which held that Rhett stated a claim of deliberate indifference concerning the 14-month delay in reviewing a new knee brace and that the claim was not frivolous became the "law of the case."  See Young v. Herring, 917 F.2d 858, 861 (5th Cir. 1990).  On remand, the district court was bound to accept this determination that Rhett had stated a claim and that the claim was not frivolous.  See id.  The district court erred in dismissing Rhett's claim for a second time as frivolous and for failure to state a claim under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  Accordingly, the judgment is REVERSED and the case is REMANDED for further proceedings.

REVERSED AND REMANDED.