**Porter D. WHITE, Plaintiff-Appellant,**

v.

**Dorothy HEGERHORST and John Doe Hegerhorst, Defendants-Appellees.**

No. 23528.

United States Court of Appeals Ninth Circuit.

Nov. 24, 1969.

Porter D. White, pro se.

Thomas M. O'Connor, City Atty., Edmund A. Bacigalupi, Deputy City Atty., San Francisco, Cal., for appellees.

Before HAMLIN, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Porter D. White, appellant herein, was convicted of violations of state narcotics statutes after a jury trial in a California state court in May of 1966. His conviction was affirmed on appeal and habeas corpus relief has been denied. In March, 1968, appellant filed the instant action in the United States District Court for the Northern District of California, alleging in conclusory terms a conspiracy to violate his constitutional rights

2. See the cases collected in Gallenkamp Stores Co. v. N. L. R. B., 402 F.2d 525, 530 (9th Cir. 1968).

to a fair and impartial trial and denial of liberty without due process of law in contravention of various civil rights laws. The complaint centers around the fact that appellee Dorothy Hegerhorst was a juror in appellant's criminal trial and her brother-in-law Emmet Hegerhorst was court bailiff in the same case. It was further alleged that appellee Emmet Hegerhorst and the deputy district attorney and the deputy public defender representing appellant in the criminal trial entered the jury room during deliberations, thereby denying appellant his right to a fair and impartial trial. Appellant sought several million dollars actual and punitive damages. Defendant Emmet Hegerhorst filed a written motion to dismiss or for summary judgment. On the hearing of that motion before the district judge a deputy city attorney stated in open court that he was representing all defendants.[1] The district judge dismissed the action with prejudice as to the juror Dorothy Hegerhorst and without prejudice as to Emmet Hegerhorst, the bailiff. The district judge stated at the time of the hearing of this motion that he felt that Dorothy Hegerhorst as a juror was immune under the circumstances.

Appellant filed a timely appeal in this court from the order dismissing with prejudice the action against the juror Dorothy Hegerhorst.

■ We affirm. Under the circumstances the juror Dorothy Hegerhorst was immune from a civil action for damages. Roberts v. Barbosa, 227 F.Supp. 20 at 26 (S.D.Cal.1964). See also Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Judgment affirmed.

1. Although the face of the motion to dismiss or for summary judgment indicated only that Emmet Hegerhorst was the moving party, the body of the points and authorities submitted by the city attorney in support of that motion, a copy of which appellant received, indicated that the city attorney would also move to dismiss as to the juror Dorothy Hegerhorst. As appellant had notice and the opportunity to be heard in opposition to the motion as to the juror, Gutensohn v. Kansas City Southern Ry. Co., 140 F.2d 950 (8th Cir. 1944) is distinguishable, and the motion to dismiss was properly granted.