Jerry Lynn YOUNG,
Plaintiff-Appellant,

v.

Neil B. BIGGERS, Jr., et al.,
Defendants,

J.W. Collins, et al.,
Defendants-Appellees.

No. 89-4116.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1990.

Jerry Lynn Young, Parchman, Miss., pro se.

James P. Caldwell, Riley, Weir & Caldwell, Tupelo, Miss., for Collins & Hoard.

Henry C. Clay, III, Mike Moore, Atty. Gen., Jackson, Miss., for Funderburk, Grey & Herring.

Edward Lancaster, Houston, Miss., for Fox.

John S. Hill, Mitchell & McNutt, Threadgill, Smith & Sams, Tupelo, Miss., for Crider & Jones.

Jim Waide, Tupelo, Miss., for Farese.

Before POLITZ, KING and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Jerry Young appeals from the district court's order granting motions for summary judgment in his 42 U.S.C. § 1983 civil rights suit for damages against a judge, prosecutor, witness, police officers, and others involved in his criminal trial for armed robbery. He challenges the district court's conclusions which were based upon findings of immunity, collateral estoppel, and the conclusory nature of his allegations. We find that the district court erred only in dismissing the claims against the police officers based upon their qualified immunity. Young asserts the police officers framed him. We affirm in part and reverse and remand in part.

I.

Plaintiff-appellant Jerry Lynn Young brought suit under § 1983 against eleven defendants who assertedly deprived him of property and liberty without due process of law. Named as defendants are: Judge Travis Grey, Justice Court Judge in Lee County; Paul S. Funderburk, Assistant District Attorney; Robert Herring, former Sheriff, Lee County; Edward L. Crider, Chief of Police, Tupelo, Mississippi; Doug Jones, detective, Tupelo Police Department; John Fox, defense attorney representing two prosecution witnesses (alleged accomplices of appellant); John Farese, appellant's defense attorney at his criminal trial; J. W. Collins, president of the Bank of Mississippi; Barbara Hoard, prosecution witness.[1] His claims are based upon a theory of a grand conspiracy among the defendants to deprive him of money seized from him and from his father-in-law's home, and to deprive him of his liberty by framing him for a robbery he did not commit. Appellant seeks compensatory and punitive damages. He also seeks the return of fees paid to his defense attorney, John Farese, as obtained by fraud due to Farese's alleged participation in the conspiracy.

In his complaint, Young alleges that he was framed by the defendants for the March 17, 1980, armed robbery of the Bank of Mississippi. He alleges that he and police officers Crider and Jones had a long history of antagonism, hostility, and harassment, based in part upon his repeated complaints about the police department's failure to protect Young's convenience stores, and the fact that he was a successful businessman, despite his status as an ex-convict. In February 1980, he threatened to sue them for harassment and false arrest. Young alleges that because of this threat, Crider and Jones planned to retaliate by "framing him" for a recent Tupelo, Mississippi, bank robbery. He asserts that Crider and Jones persuaded the actual robber, Troy Harrison, who was one of Young's employees, to accuse him of the crime. This fabricated information served as the basis for an arrest warrant issued by defendant Judge Grey.

At the time of his arrest, the arresting officer confiscated $536 from Young's person. One or two days later, upon being arrested and questioned, Young's wife led officers to her father's home in New Albany where the police confiscated $5,240. Young asserts that this money was not proceeds from the robbery, but was a portion of an award from his insurance company for damages he sustained to a house he owned. Mrs. Young later was released, and no charges were filed against her.

---

1. The eleventh named defendant, state judge Neil J. Biggers, apparently was dismissed in a separate order and is not a part of this appeal.

In April 1980, Young filed motions in the county and local courts requesting that Chief of Police Crider be directed to return his money or show cause why it should not be returned. No action was taken on the motion. At some time thereafter, Crider turned over the total sum of $5,776 to the President of the Bank of Mississippi, defendant-appellee Collins.

In November 1980, Young filed an action in replevin in the Circuit Court of Lee County, Mississippi, seeking return of the money from Crider and Collins. He alleged that in anticipation of the presiding judge finding in Young's favor at a scheduled hearing, Funderburk, Crider, and Judge Biggers conspired to remove the presiding judge and replace him with defendant Biggers. Under Judge Biggers, no hearing on his action was held.

In the fall of 1980, Young retained John Farese as his counsel in the impending criminal trial. Appellant was tried and convicted of the armed robbery in December 1980. His conviction was affirmed by the Mississippi Supreme Court. *Young v. State*, 420 So.2d 1055 (Miss.1982). Young alleges that defendants Crider, Jones, Funderburk, Hoard, Farese, Collins, Duffie, Herring, and Fox all conspired to deprive him of a fair trial. Hoard agreed to perjure herself by testifying that Young was the robber. They agreed to rig the jury by placing a "ringer" (a juror who will vote guilty regardless of the evidence) on the jury. Defendant-appellee Herring assertedly recruited defendant Duffie to serve in that capacity. Police detective Jones agreed to perjure himself as well. In furtherance of the conspiracy, defense attorney Farese allegedly sabotaged the defense by failing to prepare for trial, failing to object to certain unconstitutional procedures, failing to cross-examine, failing to put on any substantive defense, and producing prejudicial evidence.[2]

Subsequent to his criminal trial, Young assigned his rights to the money taken from him and from his father-in-law's house to his attorneys, Roy O. Parker and William M. Maudlin. In February 1981, the attorneys filed a suit in replevin for the money. The Circuit Court found that the $536 taken from the person of Young when he was arrested belonged to Young, while the $5240 taken from the home of Young's wife's father belonged to the Bank of Mississippi. Parker and Maudlin recovered the $536 plus interest.

## II.

■ As a threshold matter, we first must determine the appropriate standard applicable to our review. The record shows that the district court was faced with several motions by all defendants to dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief could be granted, and one motion in the alternative for summary judgment made by appellees Collins and Hoard. The district court refashioned all of them as motions for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure because matters outside the pleadings were presented to the court. The court thereafter granted summary judgment for all defendants against Young and dismissed his suit with prejudice.

Young claims that the district court improperly recharacterized the motions as motions for summary judgment. He urges us instead to apply the standard of review more favorable to plaintiffs under Rule 12(b)(6). The district court considered an affidavit offered by two defendants in their motion to dismiss or for summary judgment, and other matters outside the pleadings with regard to the issue of immunity. As we said in *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir.1980), "[t]he only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court

---

**2.** Farese allegedly showed each juror individually a "mug shot" of Young that showed on its face that he had been arrested for forgery the previous year. According to Young, this false arrest was part and parcel of Crider and Jones' campaign of harassment. He was never formally charged or prosecuted for the alleged forgery.

must convert it into a summary judgment procedure and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56." We find, therefore, that the district court properly considered the defendants-appellees' motions as motions for summary judgment, and we review the judgment of the district court accordingly.

Summary judgment is proper when the pleadings and other evidence before the court show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

▉▉▉ Appellant Young's claims against defendants-appellees Grey, Funderburk, Hoard, and Duffie must fail as a matter of law because of their respective immunities from § 1983 suits for damages. Defendant-appellee Judge Grey is absolutely immune from liability for his judicial action. In *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.1989), we held in accordance with well established law that judges are absolutely immune for judicial acts unless they are performed in the clear absence of jurisdiction. Alleged magnitude of the error or alleged mendacity of the acts are irrelevant.

▉▉▉ Funderburk, the prosecuting assistant district attorney, likewise is absolutely immune from liability for his actions in initiating prosecution and carrying Young's criminal case through the judicial process. *Id.* at 996 (*citing Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). Young asserts that Funderburk acted outside the scope of his prosecutorial duties when he interfered with the replevin action by replacing the presiding judge with Judge Biggers. These allegations, however, are wholly unsupported and conclusory. They therefore

cannot withstand summary judgment. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194–96 (5th Cir.1986); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216, *reh. den.*, 762 F.2d 1004 (5th Cir.1985).

▉▉▉ Hoard also is entitled to absolute immunity as a witness. *Briscoe v. LaHue*, 460 U.S. 325, 329–34, 103 S.Ct. 1108, 1113–15, 75 L.Ed.2d 96 (1983). Allegations that she took actions in addition to her witness activities are without support and are conclusory. Also, Duffie, whose sole alleged involvement is her service as a juror at Young's criminal trial, is absolutely immune. *White v. Hegerhorst*, 418 F.2d 894, 895 (9th Cir.1969), *cert. denied*, 398 U.S. 912, 90 S.Ct. 1710, 26 L.Ed.2d 74 (1970).

▉▉▉ The remaining appellees argue that all of Young's claims are based upon unsupportable conclusory allegations which cannot withstand summary judgment. We find his claims are conclusory as to defendants Herring, Collins, Fox, and Farese. Young does no more than assert that they conspired to rig the jury and to deprive him of a fair trial. He offers no detailed, concrete operative facts, supported by any evidence, upon which to base his claims against these defendants. Bald allegations that a conspiracy existed are insufficient. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir.1987). Young thus fails to raise any *genuine* issues of material fact with respect to these defendants.[3]

▉▉▉ As to his claims against Chief of Police Crider and Police Detective Jones, however, we must reach a different result. The district court determined that defendants-appellees Crider and Jones could not be held liable as a matter of law due to their "good faith" immunity from suit. Defendant-appellees Crider and Jones, however, cannot avail themselves of this defense at this early stage of the suit. As police officers, they are entitled only to a

---

3. We note that several of these claims also were properly subjected to summary judgment on other grounds. All claims arising from his claimed ownership of the money taken from his father-in-law's home are barred by collateral estoppel. The state replevin action brought by his attorneys settled the ownership issue. His claim regarding the money taken from his person is barred for lack of standing. He assigned all interest in that money to his attorneys. Moreover, he had a post-deprivation remedy for any money taken from him under the state's replevin statute, which remedy he apparently failed to pursue diligently.

qualified or a "good faith" immunity. Public officers "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lynch v. Cannatella, supra,* 810 F.2d at 1372 (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The district court improperly assumed that the officers acted reasonably and in good faith when they arrested Young, took his property, and testified in court against him. If Young's allegations that they conspired to frame him for the robbery are true, then it is evident that they could not have acted in good faith. Unlike the allegations made with respect to his other claims, these allegations are not conclusory. Young offers sufficient operative facts, detailed earlier in this opinion, coupled with a failure to controvert them by countering affidavits, to support his legal claims. Summary judgment therefore was improper.

■ We conclude that the district court properly granted summary judgment in favor of defendant-appellees Collins, Duffie, Farese, Fox, Funderburk, Grey, Herring, and Hoard. The district court, however, erred in granting summary judgment in favor of defendants-appellees Crider and Jones without further evidentiary support.[4]

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

KING, Circuit Judge, concurring:

Provided that the plaintiff's state and federal habeas proceedings have been concluded by the majority's action in the related case of *Young v. Herring,* slip op. at 910, 917 F.2d 864 (5th Cir.1990), I concur in the opinion and judgment in this case. For the reasons noted in my dissenting

opinion, I would have affirmed the judgment of the district court denying the writ in *Young. See Young,* 917 F.2d at 864–65 (King, J., dissenting). Under the scenario of either the majority or the dissent in *Young,* however, Young's habeas petition relating to the conviction at issue here would have been fully adjudicated.

---

4. Even though Young's surviving claims substantively challenge the validity of his underlying conviction for bank robbery, he need not adhere to the exhaustion requirement recognized in the companion cases of *Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976), *adhered to en banc,* 550 F.2d 342 (1977), and *Meadows v. Evans,* 529 F.2d 385 (5th Cir.1976), *adhered to en banc,* 550 F.2d 345 (1977), *cert. denied,* 434

U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977). Since we have granted Young a writ of habeas corpus in the concurrent case, *Young v. Herring,* 917 F.2d 858 (5th Cir.1990), he is no longer "in custody". As he is no longer eligible for habeas relief, Young is free to pursue his § 1983 claims without exhausting habeas remedies. *Conner v. Pickett,* 552 F.2d 585 (5th Cir.1977).