966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Lee NORD, Jr., Appellant,
v.
ASHLEY COUNTY CIRCUIT CLERK, also known as C. Dean Nelson;
Otis Hicks, Quorum Court Member; Parole and Community
Rehabilita tion Board; Mike Gaines, Chairman of the Parole
Board; Carol Bohanna, Parole Board Member; Leroy Brownlee,
Parole Board Member; Connie Lewis Mayton, Parole Board
Member, Appellees.
 No. 92-1614.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 19, 1992.
Filed: June 24, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Lee Nord, Jr., an Arkansas prisoner, appeals from the district court's[1] summary dismissal of his civil rights complaint. We affirm.
 
 
 2
 Nord filed his complaint February 11, 1992, naming as defendants a court clerk and a juror involved in his criminal conviction, and members of the state parole board. He claimed the defendants conspired against him because of his race. He asserted the clerk maintained an outdated list of potential jurors which included many black persons who were long deceased and that the clerk hand-picked white persons to replace the deceased individuals. Nord asserted that the juror-who is black-failed to disclose his acquaintance with the victim and that the members of the parole board denied him parole on the basis of his race.
 
 
 3
 The magistrate judge[2] determined that Nord's claims were already being litigated in two other federal actions: a habeas action on appeal in this court challenging the constitutionality of Nord's conviction based on the alleged jury improprieties, and a section 1983 action pending in the district court against the parole board members. The magistrate judge noted that jurors have absolute immunity from suits for damages arising out of their conduct as jurors, and recommended that Nord's claims against the juror and the parole board members be dismissed under 28 U.S.C. § 1915(d). The magistrate judge also recommended that the claim against the clerk be administratively terminated pending the resolution of Nord's habeas action.
 
 
 4
 Nord filed objections to the recommendation, stating that the habeas action terminated prior to the magistrate judge's report when this court affirmed the district court's denial of his petition. Nord v. Lockhart, No. 91-2490 (8th Cir. Jan. 10, 1992) (unpublished per curiam), r'hg denied, (8th Cir. Feb. 14, 1992). He also stated that this court affirmed in part and reversed and remanded in part the district court's dismissal of his previous action against the parole board members. Nord v. Gaines, No. 91-1486 (8th Cir. Sept. 25, 1991) (unpublished per curiam). This court affirmed the dismissal of his claim for damages because parole officials have absolute immunity from liability for damages based on their denial of parole and remanded his challenge to the denial of parole itself. Id., slip op. at 2. Nord stated that, on remand, the district court construed the action as a petition for habeas relief and administratively closed the case pending his exhaustion of state remedies. The district court summarily adopted the magistrate judge's recommendation and dismissed this action.
 
 
 5
 We affirm because Nord's claims are legally frivolous. See Morfeld v. Kehm, 803 F.2d 1452, 1453 (8th Cir. 1986) (this court may affirm dismissal on appropriate grounds although district court relied on other inappropriate grounds). Court clerks and jurors are immune from liability for damages from acts which are an integral part of the judicial process. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (court clerks); White v. Hegerhorst, 418 F.2d 894, 895 (9th Cir. 1969) (per curiam) (jurors); cert. denied, 398 U.S. 912 (1970). Nord's only remedy for the alleged jury improprieties was habeas relief, which was denied in Nord v. Lockhart. Likewise, Nord's damages claim against the parole board members is foreclosed by this court's affirmance of the previous dismissal of that claim in Nord v. Gaines.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas