21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry B. BALISOK, Plaintiff-Appellant,
v.
Phillip L. BAKER; John Doe Cox, et al., Defendants-Appellees.
 No. 93-35416.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided April 7, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Balisok, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In his complaint, Balisok alleges that the defendants engaged in an improper experiment while deliberating as jurors in his attempted murder trial. Balisok contends that the jurors' denial of this experiment after their jury service ended delayed the reversal of his attempted murder conviction and caused him to be incarcerated an additional 16 months. We affirm.
 
 
 3
 Jurors are absolutely immune from civil liability arising out of their service in a criminal prosecution. White v. Hegehorst, 418 F.2d 894, 895 (9th Cir.1969), cert. denied, 398 U.S. 912 (1970); Johnson v. Kegans, 870 F.2d 992, 996 (5th Cir.), cert. denied, 492 U.S. 921 (1989). A complaint against parties with clear immunity is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989). Thus, if Balisok is contending that when appellees allegedly lied about their jury room conduct, they were acting in their juror capacities, his claim is clearly frivolous because of appellees' immunity as jurors.
 
 
 4
 If, on the other hand, Balisok is contending that appellees told lies outside of their role as jury members, his argument must fail. He cannot state a cause of action under 42 U.S.C. Sec. 1983 because the persons who told lies were not acting in any governmental capacity, and thus, there is no state action. See, e.g. West v. Atkins, 108 S.Ct. 2250, 2255 (1988). Rather, he must state a cause of action under 42 U.S.C. Sec. 1985. To state a claim, the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights. Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 718-21 (9th Cir.), cert. denied, 454 U.S. 967 (1981).
 
 
 5
 Thus, the district court did not err in dismissing Balisok's section 1983 action as frivolous. See Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34 (a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3