United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60684
Summary Calendar

JAMES R. ROWSEY,

Plaintiff-Appellant,

versus

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; MICHAEL WILSON, Superintendent; RONALD KING,
Superintendent, Southern Mississippi Correctional Institute,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-375
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

James R. Rowsey, Mississippi inmate # 34459, appeals the
dismissal with prejudice of his in forma pauperis (IFP) 42 U.S.C.
§ 1983 complaint for failure to state a claim upon which relief
can be granted under 28 U.S.C. §§ 1915(e) and 1915(g).  His
complaint alleged that he was transferred out of the Mississippi
State Penitentiary at Parchman, Mississippi, in January 2004, to
the correctional institute in Leakesville, Mississippi, but that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he saw a statement in his file that suggested that he was to be transferred to the Governor's mansion where he thinks that he would have received a pardon or a commutation of his sentence. Rowsey argues that he was aggrieved by being moved from Parchman because at the time he was moved Governor Musgrove, who had been voted out of office, was issuing pardons. He also asserts that he had been denied his right to review his file in violation of standard operating procedures and for first time he asserts that he now "feels that he may have had" a pardon or commutation of sentence from Governor Musgrove but never received it because of "technical" difficulties like the change in his address resulting from his transfer from Parchman.

Rowsey did not have a liberty interest in his housing assignment, and thus he cannot assert a constitutional deprivation in connection with his transfer to Leakesville or his failure to be transferred to the Governor's mansion. See Meachum v. Fano, 427 U.S. 215, 225 (1976). Rowsey's allegation that he might have received pardon or commutation and that it has been "lost," is likewise insufficient to state a § 1983 claim because it is too speculative. Cf. Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991). Moreover, we will not review his claim that he "feels" he "might" have had a pardon but had not been released because of some technicality which he raise for the first time in his brief. See Kinash v. Callahan, 129 F.3d 736, 739 n.10 (5th Cir. 1997).

Rowsey also asserts that the district court erred in first ordering an evidentiary hearing but then not holding it. Rowsey makes no attempt to explain how further factual development would be useful in this matter and has failed to show that the district court erred in not affording a hearing. See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

Rowsey also contends that the district court reversibly erred by not serving the defendants. The district court did not err in not serving the defendants. See 28 U.S.C. 1915A(a) and (b).

Rowsey's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. See 5TH CIR. R. 42.2. Rowsey is CAUTIONED that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Rowsey is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Rowsey's motion for production of documents and appointment of counsel are DENIED.