# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11214

United States Court of Appeals
Fif h Circuit

**FILED**
April 11, 2017

Lyle W. Cayce
Clerk

QUENTIN RIDLEY,

Plaintiff-Appellant

v.

BARBARA JONES, Gateway Foundation Counselor; SERGEANT DANIEL DENTON, Texas Department of Criminal Justice Institutional Division; WAYNE CHAMBERS, Correctional Officer; REBECCA COOK, Assistant Director of Gateway Program; FRANK CRAIG, Director of Gateway Program; STEVEN SPERRY, Texas Department of Criminal Justice Institutional Division Warden,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CV-32

Before   CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Quentin Ridley, Texas prisoner # 1644792, proceeding pro se and in forma pauperis (IFP), filed a 42 U.S.C. § 1983 complaint against Barbara Jones, a Gateway Foundation Program (Gateway) counselor at the T.R. Havins

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11214

Unit (Havins Unit) of the Texas Department of Criminal Justice; Havins Unit Sergeant Daniel Denton; Havins Unit Correctional Officer Wayne Chambers; Rebecca Cook, Assistant Director of Gateway; Frank Craig, Director of Gateway; and Steven Perry, Warden of the Havins Unit. He essentially alleged, and does so on appeal, that the defendants retaliated and/or conspired against him for his attempted use of the grievance procedure by placing him in administrative segregation and by filing a false disciplinary charge, in violation of the First Amendment. The district court dismissed the complaint as frivolous and denied Ridley IFP status, finding that the appeal was not taken in good faith. Ridley now seeks to proceed IFP on appeal.

By moving for leave to proceed IFP, Ridley is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

If Ridley's IFP brief is liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), he challenges the district court's dismissal of his complaint as frivolous, and he also argues that the district court denied him a fair hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and erred in making certain factual findings in its order of dismissal. He also argues that the district court erred in denying his motion for appointment of counsel and his motion for production of documents.

Ridley's assertion that the defendants denied him access to the courts when they refused to provide him grievance forms is belied by the record and his admissions on appeal. His retaliation and conspiracy claims are likewise without merit. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999);

No. 15-11214

*Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). The district court conducted a fair and impartial *Spears* hearing, and any errors in its factual findings do not otherwise undercut the propriety of the dismissal of Ridley's complaint as frivolous. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Lastly, the district court did not abuse its discretion in denying Ridley's motion for appointment of counsel and his motion for production of documents. *See Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987); *Williamson v. United States Dep't of Agriculture*, 815 F. 2d 368, 382 (5th Cir. 1987).

In sum, Ridley has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard*, 707 F.2d at 220. Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. The dismissal of Ridley's § 1983 complaint by the district court pursuant to 28 U.S.C. § 1915 and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 385-87 (5th Cir. 1996). The dismissal of a previous § 1983 action filed by Ridley for failure to state a claim also counts as a strike under § 1915(g). *See Ridley v. Perez*, No. 5:15-CV-00616 (W.D. Tex. Feb. 18, 2016). Accordingly, Ridley has accumulated three strikes and is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury." § 1915(g). We caution Ridley that any additional frivolous appeals will invite the imposition of sanctions.