# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10915

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2019

Lyle W. Cayce
Clerk

ARTHUR LUTHER MCKINNEY,

Plaintiff-Appellant

v.

SR. WARDEN C. MCDUFFIE; LT NFN GARCIA; OFFICER NFN REYES; OFFICER NFN CHAMBERLAN; CAPTAIN NFN WILLIAMS; SGT. NFN ALVARZE,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-243

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Arthur Luther McKinney, Texas prisoner # 2016392, moves for leave to proceed in forma pauperis (IFP). He wishes to appeal the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that prison officials retaliated against him, conspired to have him removed from his prison job, subjected him to unconstitutional conditions of confinement, and failed to respond sufficiently

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to grievances. He also appeals his claim that the magistrate judge (MJ) erroneously severed and transferred his allegation of deliberate indifference to his serious medical needs.

The record shows that McKinney agreed to have the MJ conduct his case to final judgment. The MJ dismissed the complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 and § 1915A, denied leave to proceed IFP on appeal, and certified that an appeal would not be taken in good faith. By moving to proceed IFP on appeal, McKinney challenges the MJ's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The MJ dismissed McKinney's retaliation claim as frivolous and for failure to state a claim, determining that he did not allege facts establishing that the prison officials intended to retaliate against him. He did not show that he would not have been fired from his job absent the officers' purported retaliatory motive. The records showed that McKinney was fired because he engaged in inappropriate behavior, including accessing vending machines and other areas where prisoners are not allowed. Further, he did not allege facts showing that the officers' alleged retaliatory conduct deterred him from further exercising his constitutional rights.

To state a viable claim for retaliation, a prisoner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). McKinney did not allege any facts other than his belief that the prison officers

No. 18-10915

attempted to have him fired.  McKinney has not shown that he can raise a nonfrivolous issue as to this claim.

The MJ dismissed McKinney's conspiracy claim as frivolous, determining that his allegations were conclusory; he had no constitutional right to a particular job; he failed to plead facts showing that the prison officers acted in concert with specific intent to deprive him of a constitutional right, he did not show or allege an underlying § 1983 violation; and without an underlying § 1983 claim, he had no actionable conspiracy claim.

To establish a conspiracy, a prisoner must allege an actual violation of a right protected under § 1983 and that the defendants acted in concert with specific intent to violate that right.  *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 948-49 (5th Cir. 2003).  "Bald allegations" of a conspiracy are not enough.  *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991) (internal quotation marks and citations omitted).  McKinney asserts that his protected right to complain to a supervisor about misconduct of employees without retaliation is the right that was violated.  However, McKinney's claim is merely speculative, and the record shows that he was removed from his job because of inappropriate behavior.  He has not shown that he can raise a nonfrivolous issue as to the alleged conspiracy.  *See Kerr*, 171 F.3d at 340.

As for his claim regarding unconstitutional conditions of confinement, the MJ determined that his allegations concerning exposure to carbon monoxide and toxic paint constituted a negligence claim.  McKinney only challenges the dismissal of the paint allegations and therefore waives his claim based on exposure to carbon monoxide.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  The MJ concluded that even if his allegations amounted to more than negligence, McKinney failed to allege

a constitutional violation regarding work conditions because prisons are not required to observe the health and safety standards to which private industry must adhere. *See Sampson v. King*, 693 F.2d 566,569 (5th Cir. 1982).

To allege deliberate indifference, a prisoner must show that the defendants "ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). It "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). The prisoner must show that he was "exposed to a substantial risk of serious harm" and that prison officials "were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir. 2002).

McKinney's allegations did not show that the defendants actually were aware of any risk of harm and consciously disregarded it. His allegations fall short of showing that Warden McDuffie, Captain Williams, or Officer Chamberlan made the decision to have him paint without satisfactory safety gear or conditions, knowing that McKinney would suffer health impairments as a result of his exposure to the paint. Moreover, McKinney conceded that once he notified the Captain, he was brought for medical care and he was removed from the job. McKinney has not shown that he can raise a nonfrivolous claim regarding the conditions of his confinement.

Although McKinney acknowledges that he lacked a federally protected liberty interest in having his grievances resolved to his satisfaction, he argues that there must be an exception to this rule because peoples' lives were at risk. Because he lacks a protected interest in a favorable resolution to his

grievances, his complaint was properly dismissed as frivolous. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Finally, the MJ did not abuse discretion by severing McKinney's claim of deliberate indifference and transferring it to the Southern District of Texas, where a substantial part of the events giving rise to his claim occurred. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

McKinney's appeal lacks arguable merit and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. McKinney's motion for appointment of counsel is also denied. This court's dismissal of his appeal as frivolous and the MJ's dismissal of the complaint count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The district court also dismissed McKinney's § 1983 complaint as frivolous in *McKinney v. Avila*, No. 4:17-CV-3340 (S.D. Tex. Feb. 2, 2018). Because he has now accumulated at least three strikes, McKinney is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Further, McKinney is warned that the continued filing or prosecution of actions that are frivolous or fail to state a claim will result in the imposition of more severe sanctions, including monetary penalties and restrictions on his ability to file actions and appeals.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.